```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/23/2020
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                          :

UNITED STATES OF AMERICA                        CONSENT PRELIMINARY ORDER OF
                                                          :       FORFEITURE/MONEY JUDGMENT

        -v.-

                                                          :       S1 16 Cr. 601 (VSB)

SAJID JAVED,
                                                          :

          Defendant.
                                                          :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

        WHEREAS, on or about April 19, 2018, SAJID JAVED (the "defendant"), was charged in an one-count Superseding Information, S1 16 Cr. 601 (VSB) (the "Information"), with conspiracy to commit health care fraud, in violation of Title 18, United States Code, Section 371 (Count One);

        WHEREAS, the Information included a forfeiture allegation as to Count One of the Information, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), of any and all property, real or personal, which constitutes or is derived from proceeds traceable to the commission of Count One of the Information;

        WHEREAS, on April 19, 2018, the defendant pled guilty to Count One of the Information and admitted the forfeiture allegation, pursuant to a plea agreement with the Government, wherein the defendant admitted the forfeiture allegation with respect to Count One of the Information and agreed to forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(l)(C) and Title 28, United States Code, Section 2461(c), a sum of money in United States currency representing the amount of proceeds traceable to the commission of the offense charged in Count One of the Information;

WHEREAS, the defendant consents to the entry of a money judgment in the amount of $7,191,013.48 in United States currency, representing the amount of proceeds traceable to the offense charged in Count One of the Information that the defendant personally obtained; and

WHEREAS, as a result of acts and/or omissions of the defendant, the proceeds traceable to the offense charged in Count One of the Information that the defendant personally obtained cannot be located upon the exercise of due diligence;

IT IS HEREBY STIPULATED AND AGREED, by and between the United States of America, by its attorney Geoffrey S. Berman, United States Attorney, Assistant United States Attorney Christopher DiMase, of counsel, and the defendant, by and through his counsel, Lawrence Carra, Esq., that:

1. As a result of the offense charged in Count One of the Information, to which the defendant pled guilty, a money judgment in the amount of $7,191,013.48 in United States currency (the "Money Judgment"), representing the amount of proceeds traceable to the offense charged in Count One of the Information, that the defendant personally obtained, shall be entered against the defendant.

2. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Consent Preliminary Order of Forfeiture/Money Judgment is final as to the defendant, SAJID JAVED, upon entry of this Consent Preliminary Order of Forfeiture/Money Judgment, and shall be deemed part of the sentence of the defendant, and shall be included in the judgment of conviction therewith.

3. All payments on the outstanding Money Judgment shall be made by postal money order, bank or certified check, made payable, in this instance to the United States Marshals

2

Service, and delivered by mail to the United States Attorney's Office, Southern District of New York, Attn: Money Laundering and Transnational Criminal Enterprises Unit, One St. Andrew's Plaza, New York, New York 10007 and shall indicate the defendant's name and case number and the United States shall be authorized to deposit the payments on the Money Judgment in the Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property.

4. Upon execution of this Consent Preliminary Order of Forfeiture/Money Judgment, and pursuant to Title 21, United States Code, Section 853, the United States Marshals Service shall be authorized to deposit the payment on the Money Judgment in the Assets Forfeiture Fund ("AFF"), and the United States shall have clear title to such forfeited property.

5. Pursuant to Title 21, United States Code, Section 853(p), the United States is authorized to seek forfeiture of substitute assets of the defendant up to the uncollected amount of the Money Judgment.

6. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, upon entry of this Consent Preliminary Order of Forfeiture/Money Judgment, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

7. The Court shall retain jurisdiction to enforce this Consent Preliminary Order of Forfeiture/Money Judgment, and to amend it as necessary, pursuant to Rule 32.2 (e) of the Federal Rule of Criminal Procedure.

8. The Clerk of the Court shall forward three certified copies of this Consent Preliminary Order of Forfeiture/Money Judgment to Assistant United States Attorney Alexander J. Wilson, Co-Chief of the Money Laundering and Transnational Criminal Enterprises Unit, United States Attorney's Office, One St. Andrew's Plaza, New York, New York 10007.

9. The signature page of this Consent Preliminary Order of Forfeiture/Money Judgment may be executed in one or more counterparts, each of which will be deemed an original but all of which together will constitute one and the same instrument. A facsimile or electronic image of the original signature of any party executing this Consent Preliminary Order of Forfeiture/Money Judgment shall be deemed an original signature and shall constitute an original as against the party whose signature appears in the facsimile or electronic image.

AGREED AND CONSENTED TO:

GEOFFREY S. BERMAN
United States Attorney for the
Southern District of New York
Attorney for United States

By: _____        10/23/20
    CHRISTOPHER DIMASE                     DATE
    Assistant United States Attorney
    One Saint Andrew's Plaza
    New York, NY 10007
    Office: (212) 637-2433
    Fax: (212) 637-0084


SAJID JAVED
Defendant

By _____         10/23/20
   SAJID JAVED                             DATE

4

By: _____     _____10/23/2020_____
      LAWRENCE CARRA, Esq.                                DATE
      *(Counsel for the Defendant)*
      114 Old Country Road, Suite 212
      Mineola, NY 11501
      Office: (516) 742-1135
      Fax: (516)-742-0299

SO ORDERED:

_____     _____10/23/2020_____
HONORABLE VERNON S. BRODERICK              DATE
UNITED STATES DISTRICT JUDGE

5