U.S. Department of Justice

United States Attorney

**APPLICATION GRANTED
SO ORDERED** [signature]
**VERNON S. BRODERICK
U.S.D.J.** 10/26/23

The Clerk of the Court is respectfully directed to terminate the motions pending at Docs. 141 and 147.

**VIA ECF**

The Honorable Vernon S. Broderick
United States District Judge
Southern District of New York
40 Foley Square
Thurgood Marshall U.S. Courthouse
New York, New York 10007

    Re:    *United States v. Sajid Javed*, 16 Cr. 601 (VSB)

Dear Judge Broderick:

    The Government respectfully submits this joint letter to the Court seeking a 45-day adjournment of the deadline by which to submit a proposed discovery schedule, in light of the parties' ongoing negotiations about a potential settlement of this ancillary forfeiture proceeding.

    By way of context, as the Court is aware, defendant Sajid Javed pleaded guilty in April 2018 to conspiracy to commit health care fraud, based on his participation in a multi-year scheme to seek reimbursement from Medicare and Medicaid for prescription drugs that were never distributed to customers. His crime caused more than $7 million in losses to Medicare and Medicaid. In 2020, the Court sentenced the defendant principally to 30 months' imprisonment, three years of supervised release, restitution of $7,191,013.48, and forfeiture of $7,191,013.48. The defendant has served his term of imprisonment and is now on supervised release.

    The instant forfeiture dispute concerns the defendant's transfer of his ownership interest in real property (the "Subject Property") to his wife in 2018, shortly after his guilty plea. (As part of his guilty plea, the defendant admitted the forfeiture allegation in the Information.) The defendant had purchased the Subject Property in 2014. The Subject Property has been appraised at approximately $1 million. The Government believes that the defendant's transfer, which involved the creation of a new corporate entity, was part of an effort to evade his forfeiture obligation.

    Recently, the Government determined that the defendant appears to have transferred his ownership interest in a *second* seven-figure residence to his wife (the "Second Property")—also in the second half of 2018, not long after his guilty plea. The defendant and his brother had purchased this property in or around 2015. The parties are in the process of determining the extent of the equity in the Second Property.

    The defendant appears to have transferred his interests in the Subject Property and the Second Property to his wife for approximately $10 and $0, respectively. The Government believes that the defendant's transfers of his ownership interests in these seven-figure properties were part

of an effort to impair the Government's ability to forfeit these properties as substitute assets. Although the Second Property is not presently subject to a forfeiture order, the parties' ongoing negotiations involve both of these properties.

In light of this update, the parties jointly and respectfully request a 45-day adjournment of the deadline by which to submit a proposed discovery schedule, in order to give the parties additional time to continue their efforts to resolve this ancillary forfeiture proceeding without further litigation.

Please let us know if any additional information would be useful at this time.

          Respectfully submitted,

          DAMIAN WILLIAMS
          United States Attorney for the
          Southern District of New York

By: *[signature]*
     Michael D. Neff
     Assistant United States Attorney
     (212) 637-2107

Cc:    Lawrence V. Carra, Esq. (via ECF)